UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

Eastern District of Kentucky
**FILED**

**MAR 2 9 2006**

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-49-WOB

JOHN W. DENNIS                                          PETITIONER

VS.                    **MEMORANDUM OPINION AND ORDER**

FEDERAL BUREAU OF PRISONS, ET AL              RESPONDENTS

Petitioner John W. Dennis, who is confined in the Federal Prison Camp in Ashland,

Kentucky ("FPC-Ashland"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.

§2241. He has paid the $5.00 filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612

F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert.

denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted

by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The

allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See

Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a

court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous

or malicious, or (ii) fails to state a claim upon which relief can be granted.

### RESPONDENT

The named respondent is Brian Patton, the warden of FPC-Ashland.

CLAIMS

The petitioner claims that the Bureau of Prisons ("BOP") has violated his due process rights under the Fifth Amendment of the United States Constitution. The petitioner complains that he should be released into a Community Corrections Center ("CCC") a full six months before his release date of April 25, 2007.[1] He complains that the Bureau of Prisons ("BOP") has improperly reduced his term in either a CCC or home confinement to only 55 days. He alleges that the BOP's decision infringes on his protected liberty interest in a full six-month term in a CCC. He notes that he has "out custody minimum security" classification; that he was allowed to be free on bond for 21 months; and that he was allowed to self-surrender to the BOP. He further asserts that his wife and two young children need him at home for financial and emotional support.

He further contends that he should be excused from exhausting his claims through the BOP's administrative remedy process (28 C. F. R. §542.10-16)(2002). He asserts that exhaustion would be futile. He cites several federal cases which stand for this proposition.

RELIEF REQUESTED

The petitioner seeks immediate release into a CCC on or about October 27, 2006. He contends he should not have to wait until 55 days prior to April 27, 2007, to be released into a CCC.

DISCUSSION
1. Exhaustion

In *Colton v. Ashcroft*, 299 F. Supp.2d 681 (E. D. Ky. 2004) (Hon. Jennifer B. Coffman presiding), this Court determined that administrative exhaustion of claims relating to pre-release custody into a CCC would be futile because the Attorney General of the United States has evidenced

---

[1]

The petitioner provides the Court with no information as to the nature of the offense(s) of which he was convicted; the court in which he was convicted; when he was convicted; or the term of his federal sentence.

2

a strong position on the issue of pre-release placement.  *Colton*, 299 F. Supp.2d at 689-91; *see also Zucker v. Menifee*, 2004 WL 102779 at *4 (S. D. N.Y. Jan.21, 2004); *Howard v. Ashcroft*, 248 F. Supp.2d 518, 532-33 (M. D. La.2003).  Having established that fact, the Court turns to the merits of the instant petition.

### 2.  Changes to BOP's "Six-Month Policy"

Prior to December 20, 2002, under its old interpretation of 18 U.S.C. §3624(c), the BOP uniformly designated federal inmates in CCC's for the last 180 days (six months) of their sentences, even if that placement exceeded the last ten percent of their sentences.  This was known as the "Six Month Policy."

On December 13, 2002, the Department of Justice's Office of Legal Counsel ("OLC") issued a memorandum ("the OLC Memo") declaring that the Six Month Policy was "unlawful."  The OLC Memo concluded that the BOP could not designate a CCC as a place of confinement pursuant to 18 U.S.C. §3621, because a CCC is not a "penal or correctional facility" within the meaning of the statute.  The OLC Memo stated a change in the BOP's longstanding interpretation of 18 U.S.C. §3624(c) and its previous policy regarding inmates' placement in CCC's.

On December 20, 2002, the BOP's General Counsel issued a "Memorandum for Chief Executive Officers" entitled "Community Confinement Procedure Changes" ("the December 20, 2002 Memorandum").  Pursuant to the change effected in the December 20, 2002 Memorandum, pre-release into CCC designations became limited to the last 10 percent of the prison sentence, not to exceed six months ("the 10% Rule").

### 2.  Effect of Policy Change on CCC Placement

The petitioner has failed to state a claim upon which relief can be granted.  First, state and federal prisoners generally enjoy no constitutional right to placement in a particular penal institution.

3

*Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir.1983). Thus, the Attorney General has the power to direct the place of a prisoner's confinement and the authority "to transfer federal prisoners from one place of confinement to another at any time for any reason whatsoever or for no reason at all." *Brown-Bey*, 720 F.2d at 470.

Second, to the extent that the petitioner appears to assert that he has an absolute right to spend the last six months of his term of imprisonment in a CCC, that claim fails to state a claim upon which relief can be granted. The petitioner is not entitled to pre-release custody into a CCC for a six-month term. Title 18 U.S.C. §3624(c) does not require pre-release placement in a CCC for any specified period of time, such as six months.[2] Section 3624(c) requires only that pre-release custody "be served under conditions that will afford the prisoner a *reasonable opportunity* to adjust to and prepare for the prisoner's re-entry into the community." *Id.* (Emphasis Added).

The courts have consistently rejected the claim that §3624(c) creates a protected due process liberty interest and have held that the statute does not encroach upon the BOP's broad discretion and authority to determine where prisoners may be confined during the prerelease period. *United States v. Sneed*, 63 F.3d 381, 389 n.6 (5th Cir. 1995); *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 469-70 (10th Cir.1992), *cert. denied*, 510 U.S. 830 (1993); *see also United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir.1991) ("Nothing in the language of section 3624(c) mandates that all prisoners pass through a community treatment center en route to free society.").

---

[2] Title 18 U.S.C. §3624(c) states, in part, as follows:

The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, *not to exceed six months*, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

*Id.* {Emphasis Added}

4

While §3624 does employ mandatory language, it relates only to a general guideline to facilitate a prisoner's post-release adjustment through the establishment of some unspecified pre-release conditions. *Prows*, 981 F.2d at 469. Such interpretation is clearly consistent with the broad administrative discretion delegated to the BOP regarding the placement of prisoners. *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir.1983); *Ready v. Fleming*, 2002 WL 1610584, *3 (N. D. Tex. 2002) ("Thus, §3624(c) does not create a constitutionally protected liberty interest, and Ready's halfway-house-placement claim must fail.").

In *Gambino v. Gerlinski*, 96 F. Supp.2d 456, 459-60 (M.D. Pa. 2000), *aff'd*, 216 F.3d 1075 (3rd Cir. 2000) (unpublished table opinion), petitioner Gambino argued that 18 U.S.C. §3624(c) required the BOP to provide him with some amount of time, during the last ten percent of his sentence, in pre-release confinement (*e.g.*, a halfway house or home confinement). The *Gambino* court, citing and relying on *Prows*, concluded that §3624(c) does not create a liberty interest because it "refers to no [mandatory] procedures. It is instead a broadly worded statute setting forth a general policy to guide the prison system." *Id.* at 460 (citing *Badea v. Cox*, 931 F.2d 573, 576 (9th Cir.1991)). The court determined that Gambino had failed to state a claim for relief because he had failed to show that his confinement was in violation of the Constitution or any federal law.

The Southern District of New York has also ruled that federal prisoners have no constitutionally protected right to a specific amount of time in CCC placement. *See Distefano v. Federal Bureau of Prisons*, 2004 WL 26999, *4 (S. D. N. Y. March 4, 2004), in which the court issued a writ of mandamus under 28 U.S.C. §1651 compelling the Warden of FCI-Otisville to act promptly and in good faith to *consider* Distefano for placement in a CCC. The court qualified that ruling, however, by stating as follows:

5

"This 'ruling does not *require* the Bureau to grant petitioner's request for [CCC] designation, *but only to give that request full and fair consideration.*' *McCarthy* [*v. Doe* 146 F.3d 118, 122-23 (2d Cir. 1998)] . . . . Because Distefano would become eligible for CCC placement on March 13, 2004 under the prior policy, the BOP is directed to *consider* him for placement by that date."

*Distefano*, 2004 WL 396999, at *6 {Emphasis added}. *See also Knish v. Stine*, 347 F. Supp.2d 682, 688 (D. Minn. Nov. 24, 2004) (Knish was not entitled to CCC placement for any particular period of time; proper relief was not to direct Knish's transfer to a CCC, but was instead to direct the BOP to *consider* Knish's transfer to a CCC).

Under §3624(c), the BOP limits transitional transfers for federal inmates to a term equal to 10% of an inmate's sentence, *not to exceed six months*. This does not equate into a finding that a federal inmate is entitled to a six-month term of pre-release confinement in a CCC. Recent case law from the district court in New Jersey adopts the conclusion that federal inmates have no liberty interest in CCC confinement for the last six months of their sentences. Those cases are relevant because they also refer to the RPP in reaching that result.

"... [u]nder §3624(c), transitional pre-release custody need not take the form of CCC placement. *See, e.g., Prows v. Federal Bureau of Prisons*, 981 F.2d 466 (10th Cir.1992), *cert. denied*, 510 U.S. 830 (1993); *United States v. Laughlin*, 933 F.2d 786 (9th Cir.1991); *Gambino v. Gerlinski*, 96 F. Supp.2d 456 (M. D. Pa.), *aff'd*, 216 F.3d 1075 (3d Cir.2000). *See also* BOP Program Statement 5325.06 'Release Preparation Program'."

*Jackson v. Federal Bureau of Prisons*, 2005 WL 1705775, *6 (D. N. J. July 20, 2005) (Only the Westlaw citation is currently available); *see also Galati v. Federal Bureau of Prisons*, 2005 WL 2129645 (D. N. J. August 31, 2005) (Only Westlaw citation currently available); *Woodall v. Federal Bureau of Prisons*, 2005 WL 1705777, *8 (D.N.J. July 20, 2005) (Only Westlaw citation available); *DeFrancesco v. Federal Bureau of Prisons*, 2005 WL 1712020, *7 (D.N.J. July 20, 2005).

Based on the foregoing discussion, Petitioner Dennis has not stated a claim entitling him to relief under §2241. His petition will be denied, and this proceeding will be dismissed.

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)    The §2241 petition for habeas corpus [Record No. 1] is **DENIED**, and this action [06-CV-49-WOB] is **DISMISSED WITH PREJUDICE**, *sua sponte,* from the docket of the Court.

(2)    Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondent.

This ___ day of March, 2006.

_____
**WILLIAM O. BERTELSMAN, JUDGE**

7